```
            UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>United States of America</u>

    v.                                        Civil No. 14-cr-012-JD
                                              Opinion No. 2015 DNH 072

<u>Peter Apicelli</u>

## O R D E R

Peter Apicelli is charged with one count of manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). Apicelli moved to dismiss the indictment, or in the alternative to compel discovery and continue trial, arguing that the government had failed to provide requested and required discovery. The government objected, contending that it had complied with all discovery requests and obligations.

The trial, which was scheduled for the two-week period beginning on February 18, 2015, was continued in the interest of justice until Apicelli's motion could be resolved. After receiving the government's objection to the motion, the court scheduled a hearing and ordered counsel to meet and confer in person, before the hearing, to resolve the discovery issues or at least to narrow the issues to specific and discrete requests. Counsel for Apicelli was ordered to be prepared at the hearing "to submit a list documenting each request for discovery that

was made, the date, and the specific discovery that was requested." The government was ordered to be prepared "to submit a list of each discovery request that was received, the date, and the specific discovery that was provided and when."

The hearing on the motion to dismiss was held on March 26, 2015. Counsel for Apicelli provided a list of three remaining discovery items he was seeking from the government: (1) "Dispatch recordings," (2) "Lab report and expert opinion," and (3) "Disclosure of information regarding conflict of interest mentioned in [government's] objection." The government submitted exhibits showing the history of the discovery it had provided. See Docket no. 28.

Counsel for Apicelli argued that the government had not provided required and requested discovery in a timely manner. The Assistant United States Attorney argued that the government had provided all the required and requested discovery materials and that counsel for Apicelli had not responded to the government's offers to provide access to additional information.

## Discussion

If the government fails to comply with discovery requirements imposed by Federal Rule of Criminal Procedure 16, the court may order that the discovery be produced, grant a

continuance, preclude the undisclosed evidence from trial, or enter an order "that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). Important considerations in whether sanctions are appropriate for discovery abuse are the seriousness of the abuse and whether the defendant was prejudiced. United States v. Josleyn, 99 F.3d 1182, 1196 (1st Cir. 1996). The "drastic remedy of dismissal" is not available when discovery problems can be addressed by other means that mitigate any prejudice to the defendant. United States v. Soto-Beniquez, 356 F.3d 1, 30-31 (1st Cir. 2004).

The record shows that in December of 2013, when it took over the prosecution of this case, the government offered discovery materials to Apicelli's counsel, before Apicelli was indicted. Counsel responded that he would provide the government with a letter requesting discovery, but he did not do so. Following indictment in January of 2014, the government provided discovery to Apicelli's counsel in March of 2014. The government continued to participate in discovery and provided information and assistance in obtaining information. See Docket no. 28.

In light of the entire history of discovery in this case, Apicelli has not shown that the government failed in any

3

material respect to comply with discovery requirements or his requests. Indeed, the record at hand demonstrates that from the time it took over prosecution of this case, which is the relevant time frame, the government was actively engaged in fulfilling its discovery obligations.

The three items of outstanding discovery that Apicelli raised at the hearing were resolved as follows. The government will provide a cd-rom of the dispatch tapes under the terms of the protective order entered on March 27, 2015. See Docket no. 31. Counsel for Apicelli conceded that he has the lab report for the marijuana testing but wants other information about the expert and the testing. The government agreed to provide the bench notes and the expert's opinion by close of business on March 27, 2015, and has previously indicated to Apicelli's counsel that he can meet with the lab technician. The government explained the conflict of interest at the state level that was mentioned in the government's objection to the motion to dismiss.

Under all of the circumstances that have been presented, the court finds that there are no justifiable grounds for sanctions of any kind, much less dismissal.

4

Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 24) is denied.

The case will be scheduled for trial during the period beginning on April 21, 2015.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph DiClerico, Jr.
United States District Judge

March 31, 2015

cc: Sven D. Wiberg, Esq.
    Terry L. Ollila, Esq.
    United States Marshal
    United States Probation