```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                    Criminal No. 14-cr-012-01-JD
                                          Opinion No. 2015 DNH 101

Peter Apicelli


O R D E R

Peter Apicelli moves for reconsideration of the order denying his motion to suppress. In support, he argues that the court should have held a hearing on his motion, that probable cause was lacking to support the warrant for the search of his house, and that the identification of him in surveillance video footage should be excluded as unreliable. The government objects to the motion.

Standard of Review

In criminal cases, neither a statute nor a rule provides for reconsideration of a court order. United States v. Ortiz, 741 F.3d 288, 292 n.2 (1st Cir. 2014). Nevertheless, based on common law, the court has inherent authority to reconsider its interlocutory orders. United States v. Gonzalez-Rodriguez, 777 F.3d 37, 41 n.7 (1st Cir. 2015); United States v. LoRusso, 695 F.2d 45, 53 (2d Cir. 1985). In exercising that inherent authority, the court may apply the standard for reconsideration

used in civil cases.  See United States v. Cintron, 724 F.3d 32, 36 n.5 (1st Cir. 2013); United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009); United States v. Fanfan, 558 F.3d 105, 106 (1st Cir. 2009); United States v. Tsarnaev, 2015 WL 45879, at *3 (D. Mass. Jan. 2, 2015); United States v. Torres-Moreno, 28 F. Supp. 3d 136, 137 (D.P.R. 2014).

Reconsideration of an order is "'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mtg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., 11 Federal Practice and Procedure § 2810.1 (2d ed. 1995)). For that reason, reconsideration is "appropriate only in a limited number of circumstances:  if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." Allen, 573 F.3d at 53.  Importantly, a motion for reconsideration cannot succeed when the moving party is attempting "to undo its own procedural failures" or "advanc[ing] arguments that could and should have been presented earlier." Id.  A motion for reconsideration also is not "a mechanism to regurgitate old arguments previously considered and rejected." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (internal quotation marks omitted).

2

## Background

Based on a tip from a concerned citizen, who has been identified as Robert "Butch" Bain, members of the New Hampshire Drug Task Force; Sergeant Patrick Payer, who is a Campton police officer; and Bain walked over Apicelli's property looking for marijuana. They found marijuana plants growing in a wooded area near an orchard and had a surveillance camera installed to make video recordings of that area. Videotape recordings taken by the camera showed a man walking into the area and tending the marijuana plants.

The police identified the man seen in the video as Apicelli based on "police department, motor vehicle, and criminal records." Bain viewed the video footage and also identified the man seen in the video as Apicelli "based on his attire, mannerisms, and physical descriptors."

Payer applied for a warrant to search Apicelli's home and submitted his affidavit in support of the application. The affidavit described Bain's tip, the resulting investigation of Apicelli's property, the discovery of marijuana growing on Apicelli's property, and the identification of Apicelli as the person who was tending the marijuana plants. The search warrant was granted on the day of the application.

Payer, along with members of the New Hampshire Drug Task Force and a state trooper, searched Apicelli's home pursuant to the warrant.  In the course of the search, the officers found marijuana plants, growing equipment, evidence of marijuana harvesting and use, and a red backpack that the man in the surveillance video was wearing.  The officers seized evidence pertaining to marijuana.

Apicelli moved to suppress the evidence seized from his home and Bain's identification of him.  Apicelli did not request a hearing on his motion to suppress, and the court did not hold a hearing both because Apicelli did not request one and because the record did not show a material factual dispute that would require a hearing.  The court denied the motion to suppress, concluding that Apicelli had not established a Fourth Amendment violation to support suppression of the evidence seized in the search of his home and did not establish a due process violation in Bain's identification of him from the video footage.

The court held a telephone conference with counsel on May 13, 2015.  One issue that was discussed was the speed of the surveillance video footage when Bain viewed the video and identified Apicelli as the man seen in the video.  The government has confirmed, based on information from the Campton

Police Department, that Bain saw the video footage at a normal, real-time, speed.

## Discussion

Apicelli argues that a hearing was necessary on his motion to suppress because material factual disputes exist about the reliability of Bain's tip and his identification of Apicelli in the video footage. He also argues that the evidence seized from his home should be suppressed because Bain's tip did not provide probable cause for the search warrant and because newly discovered evidence supports his theory that Bain was motivated to identify Apicelli in order to retaliate against him. The government objects to the motion for reconsideration.

A.  Hearing

Apicelli acknowledges that he did not request a hearing on his motion to suppress. His counsel states that he presumed a hearing would be held. Counsel also states that he intended to check a box for a hearing when he electronically filed the motion and that his failure to do so was an oversight.

As is explained above, a motion for reconsideration cannot be granted to undo the moving party's procedural errors or to allow the moving party to make arguments that could and should have been made before the order issued. That is what Apicelli

is attempting to do here. For that reason alone, reconsideration of whether a hearing should have been granted is inappropriate. Even if a request for a hearing had been made, however, Apicelli did not then and does not now meet the standard for holding a hearing on his motion to suppress.

    1.   <u>Identification</u>

Apicelli moved to suppress Bain's identification of him as the man in the video footage and to prevent Bain from identifying him in court. In support of reconsideration, Apicelli argues that a material factual dispute exists about the validity of Bain's identification of him in the video footage. He contends that the video footage could not support a reliable identification.

As was stated in the order denying the motion to suppress, "[a] criminal defendant has no presumptive right to an evidentiary hearing on a motion to suppress." Cintron, 724 F.3d at 36. To carry his burden for a hearing, "the defendant must show that there are factual disputes which, if resolved in his favor, would entitle him to the requested relief." Id. (internal quotation marks omitted).

The relief Apicelli requested in the motion to suppress was to exclude Bain's identification of Apicelli in the video footage. The Due Process Clause is violated and an

6

identification of a suspect must be suppressed only if the procedure was both suggestive and unnecessary and, under all of the circumstances, there is a "substantial likelihood of misidentification." Perry v. New Hampshire, 132 S. Ct. 716, 724 (2012).

Apicelli contends that the court misunderstood the import of the two prints of a single frame from the video footage that he submitted with his motion to suppress. One print shows a wooded area and the other is a blow up of that frame and is unrecognizable.[1] Apicelli argues that the prints show a moving person near the center.[2] Apicelli further argues that because the blow up is unclear, as the court noted in the order denying the motion to suppress, that establishes a material factual dispute about the reliability of Bain's identification.

Apicelli does not represent that Bain identified him based on the single frame that was printed from the video footage or that Bain ever saw the prints of the single frame. Instead, Bain made his identification of Apicelli based on viewing the surveillance video footage. Therefore, it is unclear what purpose the single frame and blurry blow up prints, which

---

[1] Apicelli represents that the blow up was made from the single frame.

[2] The still frame, of course, does not show movement.

Apicelli made and submitted with his motion to suppress, were intended to serve. Neither raises a factual dispute about Bain's identification that would require a hearing.

In support of his motion for reconsideration, Apicelli has submitted disks of the video footage taken by the surveillance camera that was shown to Bain. The video footage is not newly discovered evidence, and Apicelli appropriately does not argue that it is. He provides no reason for not submitting the video footage with his motion to suppress.

Nevertheless, the court has undertaken a careful review of the video footage that Apicelli submitted to determine whether it creates a material factual dispute about the reliability of Bain's identification that would require a hearing. When the court first played the CDs on its computer, they ran at a high speed making them very difficult to watch and assess. With the assistance of a technician, the court was able to view the videos using VLC Media Player on its computer, and this resulted in the videos being played in real time. The video footage provides ample opportunity for Bain, who was familiar with Apicelli from prior experience, to identify him. Therefore, the videos do not raise a factual dispute about the reliability of Bain's identification that would require a hearing to determine whether they must be excluded from trial.

2. <u>Search Warrant</u>

Apicelli argued in support of his motion to suppress that the warrant application affidavit was deficient because it omitted information about Bain that would show his vindictive motive toward Apicelli. A hearing on a challenge to an affidavit used to obtain a search warrant will be granted only if the defendant shows "(1) that a false statement or omission in the affidavit was made knowingly and intentionally or with reckless disregard for the truth; and (2) the falsehood or omission was necessary to the finding of probable cause." United States v. Rigaud, 684 F.3d 169, 173 (1st Cir. 2012).

Apicelli has submitted "newly discovered evidence" that he contends provides more proof that Bain could have implicated him in criminal activity because of Bain's ill will toward Apicelli. The new evidence is a copy of a "PETITION" that states that an unidentified "Road Agent" in Campton, who apparently is Bain, "has Threatened members of the Community that did not Vote for him." The petition is dated March 30, 2015, and asks for the road agent's "Removal or Resignation."

The petition that Apicelli submitted did not exist when Payer applied for the search warrant and, therefore, was not an "omission" from the affidavit. Apicelli provides no evidence or argument that Payer omitted any other information about Bain

knowingly, intentionally, or with reckless disregard for the truth. Most importantly, as explained in the order denying the motion to suppress, the information Apicelli cites to show Bain's ill will would not affect the probable cause determination. Probable cause for the warrant was based on the results of the investigation conducted by the police and the New Hampshire Drug Task Force, including the surveillance videotape, not on Bain's tip.

Therefore, Apicelli has not shown grounds for a hearing on his motion to suppress.

B. Merits

Apicelli contends that the order denying his motion to suppress requires reconsideration because it was based on errors and because new evidence supports the motion. Apicelli argues that the court erred in stating that Bain's tip was based on seeing marijuana growing on Apicelli's property, that the court misunderstood the point made by the blurry blow-up print, and that newly discovered evidence undermines Bain's credibility and the reliability of his identification. The government objects on the grounds that none of Apicelli's arguments warrants reconsideration.

1.  Bain's Tip

As the court has previously stated, the search warrant was not obtained based on probable cause provided by Bain's tip. Instead, based on Bain's tip, the police and the New Hampshire Drug Task Force undertook an investigation to determine whether marijuana was being grown on Apicelli's property.  Part of the investigation was the installation of the surveillance camera. Payer and others saw marijuana growing on Apicelli's property, viewed the surveillance video, and identified Apicelli as the man seen in the video.  Whether Bain reported to the police that he saw marijuana growing or suspected marijuana was growing on Apicelli's property or that he had other suspicions about Apicelli or activities on his property is not material to the probable cause determination for the search warrant.

Therefore, the court's characterization of Bain's tip in the order denying Apicelli's motion to suppress is not relevant to the decision.

2.  Videotape and Prints

Apicelli argues that the blurry blow-up print shows a man moving in the center of the frame.  Because the court could not recognize what was shown in the print, Apicelli contends, Bain's identification of Apicelli as the man in the video footage is unreliable.  As is discussed above, Bain identified Apicelli

11

based on viewing the video footage, not the prints that Apicelli submitted for purposes of the motion to suppress.  Therefore, the prints are not relevant to determining whether Bain's identification was reliable.

   As was explained in the order denying the motion to suppress, the police did not rely exclusively on Bain's identification of Apicelli for purposes of the search warrant application.  Instead, the police independently identified Apicelli as the man shown in the video footage.  Therefore, any dispute about Bain's ability to identify Apicelli in the video footage is not relevant to the validity of the search warrant.

   In addition, as stated above, the court has reviewed the videotape footage that Apicelli submitted in support of the motion for reconsideration.  The video shows a man walking into the area where marijuana plants are growing and tending the plants.  At times, the man is wearing a red backpack.  The video shows long sequences with different views of the man, including his face and his profile, and shows him walking, standing, bending, crouching, and engaged in activities with the plants.  Bain identified Apicelli based on his relationship with him over two years and his knowledge of Apicelli's "attire, mannerisms, and physical descriptors."

The videos were sufficiently clear to provide Bain with ample opportunity to identify Apicelli and provide no basis to exclude the identification from evidence at trial. Of course, during the trial, Apicelli will have the opportunity to challenge the reliability of the identification through cross examination.

4. <u>Newly Discovered Evidence</u>

Apicelli contends that the March 2015 petition by Campton residents in support of the removal or resignation of the Campton road agent shows that Bain is capable of vindictive behavior. Because the search warrant was not based on Bain's tip or on his identification, alone, Bain's vindictive motives are not relevant to the motion to suppress the evidence seized as a result of the search. Taken in the totality of the circumstances, the petition also does not undermine the reliability of Bain's identification of Apicelli in the videotape.

Therefore, the petition does not provide grounds for reconsideration of the denial of the motion to suppress.

Conclusion

For the foregoing reasons, the defendant's motion for reconsideration (document no. 46) is denied.

SO ORDERED.

Joseph DiClerico, Jr.
United States District Judge

May 14, 2015

cc: Donald A. Feith, Esq.
    Charles L. Rombeau, Esq.
    Sven D. Wiberg, Esq.
    United States Marshal
    United States Probation