UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

   v.                                        Criminal No. 14-cr-012-01-JD
                                              Opinion No. 2015 DNH 106
Peter Apicelli


O R D E R

The government moves, in limine, to preclude defense
counsel from introducing evidence and making arguments related
to jury nullification.  In support, the government notes the
current public debate about marijuana.  Apicelli objects to the
motion.

## Standard of Review

The jury may not independently decide what law to apply in
deciding a criminal case.  See Sparf v. United States, 156 U.S.
51, 101 (1895); see also United States v. Luisi, 568 F. Supp. 2d
106, 119-22 (D. Mass. 2008) (discussing jury process and threat
posed by jury nullification).  Although juries have the power to
ignore the law in reaching verdicts, their duty is to apply the
law as it is given by the court.  See United States v. Gonzalez-
Perez, 778 F.3d 3, 18-19 (1st Cir. 2015); United States v.
Appolon, 695 F.3d 44, 65 (1st Cir. 2012); United States v.
Sepulveda, 15 F.3d 1161, 1190 (1st Cir. 1993).  Neither the

court nor counsel may inform the jury of its nullification power or urge the jury to use it.  Appolon, 695 F.3d at 65; United States v. Manning, 79 F.3d 212, 219 (1st Cir. 1996); Sepulveda, 15 F.3d at 1190 ("[W]hile jurors may choose to flex their muscles, ignoring both law and evidence in a gadarene rush to acquit a criminal defendant, neither the court nor counsel should encourage jurors to exercise this power.").

Discussion

The government seeks to preclude defense counsel from encouraging the jury to use nullification to acquit Apicelli. Specifically, the government moves to prevent questions, evidence, and argument about laws allowing medical use of marijuana, medical necessity for marijuana, a possible legalization of marijuana, and Apicelli's beliefs about marijuana and legalization of marijuana.  In his objection, Apicelli argues that his rights to free speech, due process, and a fair trial would be infringed by the limits the government seeks and also asks the court to instruct the jury on the power of nullification.

Apicelli states at the end of his objection that he "also demands a hearing."  Under the local rules in this district, motions are decided without oral argument unless a party provides a written statement "outlining the reasons why oral

2

argument may provide assistance to the court."  LR 7.1(d).
Apicelli did not provide a statement, and the court finds no
reason to schedule oral argument.

The law is well-settled that a jury cannot be encouraged to
exercise the power of nullification.  Apicelli cites no contrary
authority nor any support for his theory that a limit on his
counsel's ability to raise issues of jury nullification would
violate his rights to free speech, due process, or a fair trial.
Therefore, defense counsel is precluded from raising issues
related to jury nullification at trial, and the court will not
instruct the jury on the nullification power.  Sepulveda, 15
F.3d at 1190; United States v. Diaz, 820 F. Supp. 2d 301, 306
(D.P.R. 2011).

Jury nullification issues arise in a variety of contexts.
Evidence and argument about the defendant's potential punishment
is not relevant to guilt or innocence and is an impermissible
attempt to move the jury acquit despite the law.  See Manning,
79 F.3d at 219.  Evidence of the defendant's particular point of
view about drug use or belief in a "higher law" is not
admissible as it tends to urge the jury to ignore existing laws
and raises issues under Federal Rule of Evidence 403.  United
States v. Ahrendt, 560 F.3d 69, 76 (1st Cir. 2009).  Arguments
or testimony that the charged conduct should not be a crime or

should not be prosecuted because others have done the same thing are also impermissible attempts at jury nullification.  See United States v. O'Brien, 18 F. Supp. 3d, 25, 35 (D. Mass. 2014).  Similarly, argument or testimony that the government should focus on "worse people" rather than "going after" the defendant encourages jury nullification and is not permitted. Gonzalez-Perez, 778 F.3d at 18-19.

Defense counsel shall not make arguments, introduce evidence, or ask questions that pertain to those topics, to marijuana laws and legalization, to medical use of marijuana, or to any other issues related to jury nullification.

## Conclusion

For the foregoing reasons, the government's motion in limine (document no. 51) is granted.

SO ORDERED.

Joseph A DiClerico, Jr.
Joseph DiClerico, Jr.
United States District Judge

May 26, 2015

cc:  Donald A. Feith, Esq.
     Charles L. Rombeau, Esq.
     Sven D. Wiberg, Esq.
     United States Marshal
     United States Probation

4