UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

   v.                        Criminal No. 14-cr-12-01-JD
                                  Opinion No. 2015 DNH 108

Peter Apicelli

O R D E R

Peter Apicelli moves to dismiss the indictment against him,
asserting that prosecutorial misconduct resulted in "material
misrepresentations, omissions, and falsehoods" in the evidence
presented to the grand jury.  Apicelli also argues that the
charge against him should be dismissed because the government
has not complied with its discovery obligations and that
evidence seized from his home should be suppressed because grand
jury testimony contradicts the affidavit submitted in support of
the search warrant application.  The government objects to the
motion.

Background

Additional background information is provided in the order
denying Apicelli's motion to suppress, document no. 44, and will
not be repeated fully here.

The indictment charges Apicelli with manufacturing
marijuana in violation of 21 U.S.C. § 841(a)(1).  In 2013, the
Campton police received a tip from a "concerned citizen," who

was identified as Robert Bain, that marijuana might be growing
on Apicelli's property.  On September 5, 2013, Sergeant Patrick
Payer of the Campton police department, members of the New
Hampshire Drug Task Force, and Bain (the concerned citizen) then
walked over Apicelli's property looking for marijuana plants.
When they found marijuana plants growing in a wooded area on the
property, they installed a surveillance camera.  Videotape
recordings from the camera showed a man, who was identified as
Apicelli, tending the plants.

Payer applied for and was granted a warrant to search
Apicelli's house.  In the course of the search, marijuana and
other related items were taken from the house.  The case was
referred to the United States Attorney's Office in December of
2013.  The indictment was filed on January 22, 2014.

The trial was continued several times at Apicelli's
request.  In February of 2015, Apicelli moved to dismiss the
indictment or, in the alternative, to compel the government to
provide discovery.  Prior to the hearing on Apicelli's motion,
the court directed counsel to meet and confer to resolve or
narrow the discovery issues and to be prepared at the hearing to
document discovery requests and discovery provided.  At the
hearing, Apicelli presented three items of outstanding
discovery, which were resolved.  The court found that the
government had not failed in any material respect to comply with

2

discovery requirements or requests.  The motion to dismiss was denied as there were no grounds for sanctions of any kind.

Apicelli then moved to dismiss the charge against him, arguing a violation of the Speedy Trial Act.  The court denied the motion, finding that no violation of the Speedy Trial Act had occurred.  Trial was scheduled to begin on May 19, 2015.

Appicelli moved to suppress the evidence taken in the search of his house.  He argued that the warrant was invalid because the investigation was the result of trespassing on his property and because Payer's affidavit in support of the warrant application was selective and deceptive.  He also sought to suppress Bain's identification of him.

In the order denying the motion to suppress, the court explained that Apicelli did not request a hearing and that grounds did not exist to grant a hearing.  The court concluded that Bain was not acting as a police agent when he walked on Apicelli's property and provided the tip to the police, that no illegal search in violation of the Fourth Amendment had occurred, that the affidavit provided with the warrant application was based on the investigation, not on Bain's tip, so that additional information about Bain was not material, and that Bain's identification of Apicelli in the video footage did not violate due process.

Apicelli moved for reconsideration of that order.  The
court set a shortened response time because of the proximity of
trial, which was scheduled to begin on May 19, 2015.  The motion
for reconsideration was denied on May 14, 2015.

The day before trial, Apicelli moved to dismiss the
indictment based on the government's disclosure of Payer's grand
jury testimony and an email from Payer to the Assistant United
States Attorney who was handling the case at that time.  The
court held a telephone conference about scheduling issues caused
by the motion to dismiss.  With the assent of counsel, the trial
was continued to allow time for consideration of the motion to
dismiss and for certain additional filings.  The jury will be
drawn on June 2 and opening statements and evidence will begin
on June 8, 2015.

## Discussion

Apicelli asserts that the government delayed disclosure of
Payer's grand jury testimony and Payer's email in violation of
its discovery obligations.  He also asserts Payer's testimony
included material misrepresentations, omissions, and falsehoods,
which constitute prosecutorial misconduct requiring dismissal of
the indictment.  Alternatively, Apicelli contends that Payer's
grand jury testimony provides grounds to reconsider the order
denying his motion to suppress.  The government objects.

4

A.  <u>Hearing</u>

Apicelli requests a hearing on his motion to dismiss but provides no explanation of why a hearing would be necessary or helpful.  The grand jury transcript and the email that are at issue in the motion to dismiss were submitted with the motion. Because Apicelli did not provide any basis for holding a hearing, <u>see</u> LR 7.1(d), no hearing was held on the motion to dismiss.

B.  <u>Motion to Dismiss</u>

Apicelli moves to dismiss the indictment based on Payer's testimony before the grand jury.  He asserts that the government provided late disclosure of Payer's grand jury testimony and email.  He also argues that the grand jury did not have all of the information about Bain that could have been presented and that Payer's testimony was incomplete and false.  The government contends that it provided the transcript of Payer's testimony in a timely manner and that Payer's testimony does not constitute grounds for dismissal.

1.  <u>Discovery</u>

Apicelli faults the government for not providing a transcript of Payer's grand jury testimony until May 13 and not providing a copy of Payer's email until May 14.  The government contends that neither Payer's testimony nor his email

constitutes exculpatory or impeachment evidence and that it
provided both as soon as possible under the circumstances.

The government disclosed Payer's grand jury testimony and
the email as witness statements under the Jenck's Act, 18 U.S.C.
§ 3500.  Local Criminal Rule 16.1(e) requires the government to
disclose witness statements at least seven days before trial.
When the trial was scheduled to begin on May 19, the Jencks Act
materials should have been provided on May 12.  The government
provided the grand jury transcript at 12:40 p.m. on May 13,
slightly more than twelve hours late, and provided the email at
12:39 on May 14, a day and a half late.  The government
acknowledges that it missed the disclosure deadline but argues
that it acted in good faith and that the delay caused no
prejudice to the defense.

Delay in disclosing Jencks Act materials is evaluated based
on whether the defense was prejudiced.  United States v. Duval,
496 F.3d 64, 73 (1st Cir. 2007).  Apicelli has not shown any
prejudice resulting from the government's belated disclosure of
Payer's testimony and email.  The trial was continued to allow
time to consider Apicelli's motion to dismiss and to provide him
an opportunity to file additional motions, which he has done.
He has not requested a further continuance.  Therefore,
particularly in light of the new trial date, the slight delay in

6

providing the transcript of Payer's testimony and a copy of his email has caused no prejudice to Apicelli.

In addition to Jencks Act materials, the government must disclose material exculpatory evidence, which includes impeachment evidence. Giglio v. United States, 405 U.S. 150, 154 (1972); Brady v. Maryland, 373 U.S. 83, 87-88 (1963). Brady and Giglio material must be disclosed in a timely manner, United States v. Sepulveda, 15 F.3d 1161, 1178 (1st Cir. 1993), which, under the local rules of this district, is at least twenty-one days before trial, LCrR 16.1(d). "When Brady or Giglio material surfaces belatedly, the critical inquiry is not why disclosure was delayed but whether the tardiness prevented defense counsel from employing the material to good effect." United States v. Perez-Ruiz, 353 F.3d 1, 8 (1st Cir. 2003) (internal quotation marks omitted). For that reason, generally, the remedy for a delay in disclosing Brady material is a continuance not dismissal of the indictment. See United States v. Urciuoli, 470 F. Supp. 2d 109, 113-14 (D.R.I. 2007) (citing cases).

Exculpatory evidence subject to disclosure is evidence favorable to the defendant that is material to guilt or punishment or evidence that affects a witness's credibility when that witness's testimony is likely to determine guilt or innocence. United States v. Ruiz, 536 U.S. 622, 629 (2002). In this case, Apicelli states in conclusory fashion that Payer's

grand jury testimony and his email are "impeaching or exculpatory material" but provides no explanation.  The government contends that neither Payer's grand jury testimony nor his email is Brady or Giglio material.

Based on the record provided here and as is more fully discussed below, Apicelli has not shown that Payer's testimony and email are exculpatory or impeaching.  Even if they were Brady or Giglio materials, however, Apicelli has not shown that any delay in disclosure has prejudiced his defense.

2.  Sufficiency of the Evidence Before the Grand Jury

"A grand jury proceeding is not an adversary hearing in which the guilt or innocence of the accused is adjudicated. Rather it is an ex parte investigation to determine whether a crime has been committed and whether criminal proceedings should be instituted against any person." United States v. Calandra, 414 U.S. 338, 343-44 (1974).  "An indictment fair upon its face, and returned by a properly constituted grand jury, we have explained, conclusively determines the existence of probable cause to believe the defendant perpetrated the offense alleged." Kaley v. United States, 134 S. Ct. 1090, 1097 (2014) (internal quotation marks omitted).  "'[A] challenge to the reliability or competence of the evidence' supporting a grand jury's finding of probable cause 'will not be heard.'"  Id. (quoting United States

v. Williams, 504 U.S. 36, 54 (1992)).  Therefore, the court

cannot examine the grand jury proceeding to determine whether

the indictment was based on sufficient proof.  Kaley, 134 S. Ct.

at 1097.

Apicelli does not challenge the facial validity of the

indictment or argue that the grand jury was not properly

constituted.  The indictment cannot be dismissed based on

arguments about the sufficiency or competence of the evidence

presented to the grand jury.  Therefore, to the extent

Apicelli's motion is founded on a theory of insufficient or

incompetent evidence, it must be denied.

### 3.  Prosecutorial Misconduct

Apicelli contends that the prosecutor presented testimony

by Payer that included material misrepresentations, omissions,

and falsehoods.  He argues that Payer's testimony shows

prosecutorial misconduct that requires dismissal of the

indictment.  The government maintains that Apicelli was not

entitled to have the additional information presented to the

grand jury.

To succeed on a motion to dismiss an indictment, the

defendant must first show that prosecutorial misconduct

occurred.  Bank of Nova Scotia v. United States, 487 U.S. 250,

261 (1988).  In the context of false or misleading evidence, the

defendant must show that the challenged testimony was false and that the prosecutor knew it was false.  United States v. Reyes-Echevarria, 345 F.3d 1, 5 (1st Cir. 2003).  If those showings are made, the defendant must then establish "that the violation substantially influenced the grand jury's decision to indict, or [that] there is grave doubt that the decision to indict was free from the substantial influence of such violations."  Bank of Nova Scotia, 487 U.S. at 256 (internal quotation marks omitted).

Apicelli faults the prosecutor for having Payer testify about Bain as a concerned citizen without providing other information about him.  In particular, Apicelli argues that the grand jury should have been told that Bain was "an official employed by the town of Campton," that he had previously worked on investigations with the police, and that he had had an acrimonious relationship with Apicelli.  Further, Apicelli contends that Payer's testimony that Bain had no motive to provide a tip about illegal activity on Apicelli's property was false and that Payer falsely testified that Bain was able to identify Apicelli in the video footage.

The prosecutor has no obligation to provide exculpatory as well as inculpatory evidence to the grand jury.  Williams, 504 U.S. at 52; United States v. Casas, 425 F.3d 23, 38 (1st Cir. 2005).  For that reason, the prosecutor was not required to present negative evidence about Bain or even a complete

description of him and his activities.  Therefore, Apicelli's
concerns about the lack of evidence of Bain's town office, the
details of Bain's activities, and his relationship with Apicelli
do not show prosecutorial misconduct.

Apicelli also charges that Payer falsely testified that
"Bain had no motive or bias."  The specific testimony Apicelli
cites is in the context of the prosecutor asking Payer about the
tip Bain gave to the police about marijuana growing on
Apicelli's property.  The prosecutor asked if the person who
provided the tip was "a concerned citizen," and Payer answered
yes.  The prosecutor then asked:  "So was there any stake in it
for this concerned citizen?"  Payer answered, "No".

Apicelli argues that Payer's answer was false because Bain
had a motive for revenge as he had been excluded from Apicelli's
property where previously he had been allowed to hunt.  Apicelli
also alleges that Bain worked as a bear hunting guide and had a
monetary interest in hunting on Apicelli's property.  Other than
a conclusory assertion that the police knew of Bain's interest
in hunting on the property, Apicelli offers no evidence that
Payer knew Bain "had a stake in" providing a tip to the police
or that the prosecutor knew of Bain's hunting interests.
Further, the question the prosecutor asked was far too general
to support the negative inference that Payer's answer was false.

11

Therefore, Apicelli has not shown prosecutorial misconduct based
on Payer's answer about Bain's stake in providing the tip.

Similarly, Apicelli's challenge to Payer's testimony about
Bain's identification of Apicelli in the video footage fails to
show prosecutorial misconduct.  Payer testified that Bain
identified Apicelli in the video footage.  Apicelli states,
without any proof, "the Court should note here that the
Government and its agents knew at the time of the Grand Jury
that the videos were of such low quality and resolution that no
reasonable or truthful person could claim to be able to discern
facial features or other reliable identifying features from
those images."  For purposes of the motion for reconsideration,
the court reviewed the video footage and concluded that it was
possible for Bain to identify Apicelli.  Therefore, Apicelli's
challenge to the identification testimony fails.

Even if Apicelli had been able to show prosecutorial
misconduct, which he has not done, he has not shown that he
suffered any prejudice.  All the negative information about Bain
pertains to the reliability of Bain's tip to the police and his
identification of Apicelli in the video footage.  As has been
explained in prior orders, Bain's tip and his identification are
sound and, in any case, were not the only evidence of Apicelli's
criminal activity.

Based on the tip, the police conducted their own investigation, including installation of the surveillance camera, and found evidence that Apicelli was growing marijuana on his property.  They also had evidence that Apicelli lived in the house on the property.  Based on all of the information, the police obtained a search warrant and searched Apicelli's house. The search yielded evidence that Apicelli was manufacturing marijuana, and that highly inculpatory evidence was presented to the grand jury which provided ample evidence to support the indictment.  See Reyes-Echevarria, 345 F.3d at 5.  Therefore, the alleged omissions, misrepresentations, and falsehoods about Bain could not have substantially influenced the grand jury's decision to indict and do not support "'grave doubt' that the decision to indict was free from the substantial influence of such violations."  Id. at 4 (internal quotation marks omitted).

C.  Suppression

In addition to moving to dismiss the indictment, Apicelli also asks the court to suppress "all fruits of the illegal searches and seizures based on newly discovered evidence."  As such, he apparently is asking the court to reconsider, again, the denial of his motion to suppress.  Reconsideration cannot be raised in this manner.  "Filers shall not combine multiple

13

motions seeking separate and distinct relief into a single filing."  LR 7.1(a)(1).

Even if Apicelli had filed a separate motion seeking a second reconsideration, however, he has not provided cognizable grounds to support that relief.  As stated in the order denying Apicelli's motion for reconsideration, reconsideration is "appropriate only in a limited number of circumstances:  if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust."  United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).

Apicelli argues that Payer's grand jury testimony contradicts his affidavit submitted in support of the search warrant.  That contradiction, he contends, shows that the court erred in concluding that the police did not rely exclusively on Bain's identification.  Based on that alleged error, Apicelli asks the court to suppress the evidence seized from his house.

Payer stated in his affidavit submitted in support of the application for the warrant to search Apicelli's house that "Apicelli through police department, motor vehicle, and criminal records fits the description of the subject that was seen in the video."  Payer also stated that he asked Bain to review the video "in an attempt to identify the male subject seen tending

14

to the plants" and that Bain "was able to identify Apicelli based on his attire, mannerisms, and physical descriptors" because of his many interactions with Apicelli over the preceding two years.

In the grand jury proceeding, the prosecutor asked Payer about what he saw on the video footage.  Payer said he saw a person tending the plants, who was male, and described his clothing and red back pack.  He said that he did not recognize the person in the video but showed the video to Bain because Bain knew the area, knew the people who owned the property, and had seen the man in the video many times.  Bain identified the person as Apicelli.

The prosecutor did not ask Payer whether Apicelli was also identified based on police department, motor vehicle, and criminal records.  Therefore, Payer's grand jury testimony does not contradict his affidavit submitted in support of the search warrant application.

Even if Payer's testimony did contradict his affidavit on the issue of identification and if the police had relied exclusively on Bain's identification, that would not support suppression of the evidence seized in the search of the house. As explained in the order denying Apicelli's motion for reconsideration, Bain had ample opportunity to identify Apicelli from the video footage.  In addition, other information in the

affidavit linked Apicelli to the property where the marijuana was growing, providing probable cause to search his house.

Therefore, no grounds have been shown to reconsider the order denying Apicelli's motion to suppress.

Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 55) is denied.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

May 27, 2015

cc:  Donald A. Feith, Esq.
     Charles L. Rombeau, Esq.
     Sven D. Wiberg, Esq.
     United States Marshal
     United States Probation