```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                              Criminal No. 14-cr-12-01-JD
                                        Opinion No. 2015 DNH 109

Peter Apicelli

O R D E R

Peter Apicelli is charged with one count of manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). He has filed a motion for a jury view "at the scene of the searches and seizures in this case" and a motion to dismiss the charge against him or to compel additional discovery. The government objects to both motions.

I. Motion for a View

At the end of his motion, Apicelli states that a hearing is requested but provides no grounds for granting a hearing. See LR 7.1(d). No need for a hearing is apparent. Therefore, the motion is decided without a hearing.

In support of a view, Apicelli states that the government's recent production of a transcript of Campton Police Sergeant Patrick Payer's grand jury testimony and Payer's email with an

attached map have made him realize that a view is necessary.[1]  He states without explanation that a view would provide "potentially exculpatory evidence" and that the view would "serve to impeach one or more Government witnesses, if they testify in harmony with prior statements, including the previously mentioned grand jury testimony and email message." Apicelli also argues that because he recently received the transcript and email he was "deprived [] of the opportunity to prepare and present any substitute for the impeaching and exculpatory aspects of the actual real estate involved in this case."  He contends that "the actual scene is and was quite different from that described in prior statements and sworn testimony."

"The decision to permit a view is entrusted to the sound discretion of the trial court." United States v. Crochiere, 129 F.3d 233, 236 (1st Cir. 1997).  In deciding whether to conduct a jury view of a crime scene, the court considers whether other evidence, such as photographs, diagrams, or testimony, is sufficient.  Id.; see also United States v. Wilson, 579 F. App'x 338, 345 (6th Cir. 2014); United States v. Stuker, 545 F. App'x

---

[1] Apicelli states that he was unable to request a view earlier in the case because he only recently received the transcript and email.  Apicelli did not include in his motion a statement of who would pay for a view, if it were allowed.  LR 39.3.

609, 612 (9th Cir. 2013); United States v. Scroggins, 648 F.3d 873, 874-75 (8th Cir. 2011). The court may also consider "such factors as the orderliness of the trial, whether the jury would be confused or misled, whether it would be time-consuming or logistically difficult, and whether cross-examination [would be] permitted regarding the details of the scene." Crochiere, 129 F.3d at 236.

Apicelli has not provided sufficient grounds to demonstrate that a view would be necessary or even helpful in this case. His explanation of what information a view would provide is vague at best. He has not shown that maps, diagrams, photographs, and testimony cannot provide the jury with a sufficient understanding of the property and house where marijuana and evidence of manufacturing were found.[2]

The government points out that more than twenty months have passed since the police found marijuana on Apicelli's property and in his house and that Apicelli no longer rents the property. The police removed the marijuana plants from the house and property in September of 2013, so they are no longer on the property to be viewed. Given the passage of time and changed

---

[2] Apicelli's argument that he lacks time to prepare evidence about the property is without merit. He has had the transcript and the email since May 13 and 14 respectively. Evidence in the trial will not begin until June 8, which gives Apicelli more than enough time to prepare.

circumstances, photographs taken at the time of the surveillance, search of the property and house, and seizure of the marijuana plants and related evidence, along with witness testimony would provide a more accurate description of the area at the time when Apicelli lived there.

The motion for a jury view is denied.

## II.  Motion to Dismiss or Compel Discovery

This is Apicelli's fourth motion to dismiss filed in the last four months.  Each motion has been based on theories of alleged discovery abuses or violation of the Speedy Trial Act. In support of his current motion to dismiss or compel discovery, Apicelli argues that the government has not complied with its discovery obligations in a timely manner and that his waivers of the Speedy Trial Act should be deemed invalid because they were the result of the government's delayed discovery.

As was explained in a previous order denying Apicelli's first motion to dismiss, sanctions are available if the government fails to comply with its discovery obligations.  Fed. R. Crim. P. 16(d)(2).  In deciding whether to impose sanctions, the court will consider the seriousness of the discovery violations and prejudice to the defendant.  United States v. Josleyn, 99 F.3d 1182, 1196 (1st Cir. 1996).  Charges against a defendant will not be dismissed as a sanction for discovery

violations unless the discovery issues and prejudice to the defendant cannot be addressed by any other means. United States v. Soto-Beniquez, 356 F.3d 1, 30-31 (1st Cir. 2004).

A. Sanctions for Discovery Violations

Apicelli asserts in his current motion that "the Government has repeatedly been remiss in meeting its discovery obligations." He states that he received the transcript of Sergeant Payer's grand jury testimony on May 13 and his email on May 14, despite his demands for "such evidence." He contends that he was not provided with dispatch recordings from the Campton police for all of the times when the police entered Apicelli's property and that the government has not disclosed other instances when Robert Bain helped the police.

As Apicelli acknowledges in his motion, the discovery issues in this case were addressed two months ago when the court held a hearing on his first motion to dismiss and then denied the motion. See Order, March 31, 2015, document no. 32. The court concluded at that time that "the government [had been] actively engaged in fulfilling its discovery obligations" from the time it took over the case through the time of the motion and that "Apicelli [had] not shown that the government failed in any material respect to comply with discovery requirements or his requests."

The timing of the government's disclosure of Payer's grand jury testimony and Payer's email is addressed in the court's order denying Apicelli's third motion to dismiss, document no. 69, and will not be repeated here.  To the extent those materials were disclosed late, Apicelli suffered no prejudice.  Therefore, no sanction or other relief is warranted based on the timing of those disclosures.

Apicelli asserts that he was not provided dispatch recordings for every time the police entered his property.[3]  With its objection, the government filed a copy of an email dated February 19, 2015, from the Assistant United States Attorney ("AUSA"), who was then handling the case, to Apicelli's counsel with six PDF files of the dispatch logs for September 5, 6, 9, 12, 16, and 17, 2013.  The AUSA invited defense counsel to review the cd-rom of the recordings.  The matter was resolved with a protective order that allowed the government to provide the cd-rom of the dispatch recordings to defense counsel.

Apicelli does not provide any specific information about what dispatch recordings or logs were not provided to him.  He does not explain why he thinks any recordings are missing or when the additional entries onto his property were made.  The

---

[3] Although far from clear, Apicelli apparently interprets Payer's email and the attached map with notations to show that the police entered his property at additional times.

government represents that it provided the dispatch recordings for all of the dates involved in the investigation. Based on the record presented, the government has fulfilled its discovery obligation with respect to the dispatch recordings.

Apicelli also contends that the government has not provided him with information about Bain's involvement in the police investigation of his case and in Bain's role in helping the police in other cases. As the government points out, Apicelli has not shown that additional information about Bain is material to any issue in this case or that the government has any obligation to provide such information. See Fed. R. Crim. P. 16(a)(1). Further, in response to Apicelli's specific inquiries about Bain's activities, the government contacted the Thornton Police Chief, who said Bain had not provided that office with tips about marijuana growing, and contacted the Campton Town Administrator, who said that no other complaints about Bain had been filed other than the petition already known to defense counsel. The government provided that information to Apicelli.

Apicelli has not shown that the government has withheld or unreasonably delayed disclosure of discovery.

B.  Speedy Trial Act

Based on alleged discovery deficiencies, Apicelli argues that his prior waivers of the Speedy Trial Act should be deemed

7

invalid. Without the waivers, he contends, the time since indictment exceeds the time allowed under the Act. As is explained above, the government has fulfilled its discovery obligations, and, to the extent any discovery was delayed, Apicelli has not shown that he suffered prejudice. In addition, the delays in this case were not caused by the government.

As is provided in detail in the order denying Apicelli's motion to dismiss based on the Speedy Trial Act, document no. 40, Apicelli sought continuances and filed waivers of the Speedy Trial Act on five occasions to pursue a plea agreement and to accommodate his counsel's schedule. To the extent that discovery issues required continuances of the trial, the government was not at fault, as the court previously found. Therefore, Apicelli's characterization of the government's conduct as unfair and unreasonable is meritless.

This case does not involve discovery abuses, delay, or other measures employed by the government that could implicate the Speedy Trial Act or the Sixth Amendment right to a speedy trial. See, e.g., United States v. Richardson, 421 F.3d 17, 29 (1st Cir. 2005); United States v. Salimonu, 182 F.3d 63, 69 (1st Cir. 1999); United States v. Hastings, 847 F.2d 920, 926 (1st Cir. 1988).

C.  Motion to Compel

As an alternative to dismissing the charge against him, Apicelli asks the court "to compel full discovery." Apicelli does not explain what discovery he is seeking. Based on the record provided to date, it appears that the government is very much aware of its obligations and has provided all of the discovery it is required to produce. The government also has gone beyond its discovery obligations. Apicelli does not ask for specific materials or information to be produced, and a blanket order is not appropriate or justified.

## Conclusion

For the foregoing reasons, the defendant's motion for a view (document no. 64) and motion to dismiss or compel (document no. 65) are denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph DiClerico, Jr.
United States District Judge

May 28, 2015

cc:  Donald A. Feith, Esq.
     Charles L. Rombeau, Esq.
     Sven D. Wiberg, Esq.
     United States Marshal
     United States Probation