UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

v. Criminal No. 14-cr-12-01-JD
Opinion NO. 2015 DNH 112

Peter Apicelli

O R D E R

Peter Apicelli moves for reconsideration of the orders denying his motion to dismiss or quash and his motion to dismiss or compel discovery. See Order, May 27, 2015, document no. 69 and Order, May 28, 2015, document no. 70. In support, he argues that the court improperly failed to conduct evidentiary hearings, that his Sixth Amendment right to a speedy trial has been violated, that the government has not provided full discovery, that the government has violated the Fourth Amendment, and that he is the victim of selective prosecution. The government objects to the motion for reconsideration.

Discussion

As has been explained in prior orders, reconsideration of an order is "'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mtg., 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., 11 Federal Practice and Procedure § 2810.1 (2d ed. 1995)). For that

reason, reconsideration is "appropriate only in a limited number of circumstances:  if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust."  United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009.  Importantly, a motion for reconsideration cannot succeed when the moving party is attempting "to undo its own procedural failures" or "advanc[ing] arguments that could and should have been presented earlier."  Id.  A motion for reconsideration also is not "a mechanism to regurgitate old arguments previously considered and rejected."  Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (internal quotation marks omitted).

A. Hearings

Apicelli faults the court for not holding evidentiary hearings on his motions to dismiss.  He cites no authority in support of his assertion that he was entitled to an evidentiary hearing on a particular motion.  To the contrary, "like other litigants, a criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion."  United States v. Panitz, 907 F.2d 1267, 1273 (1st Cir. 1990); accord United States v. Brown, 621 F.3d 48, 57 (1st Cir. 2010); United States v. Carmenatty, 2015 WL 404606, at *4 (D.

Mass. Jan. 28, 2015) ("Criminal defendants are not entitled to evidentiary hearings as a matter of course."). Instead, a defendant seeking a hearing must "make a sufficient threshold showing that material facts [are] in doubt or dispute." Panitz, 907 F.2d at 1273.

By way of background, Apicelli requested an evidentiary hearing on his first motion to dismiss, document no. 24, and a hearing was held on March 26, 2015. In contrast, although Apicelli requested a hearing on his motion to dismiss based on the Speedy Trial Act, he did not request an evidentiary hearing or show that a hearing was necessary to resolve disputed material facts. The court concluded that a hearing was not necessary. Apicelli did not move to reconsider the order denying the motion without a hearing, and that issue cannot be raised now.

Apicelli did not request a hearing on his motion to suppress. Despite that omission, the court reviewed the record to determine whether a hearing should be held and concluded that grounds were lacking for a hearing. See Order, May 4, 2015, doc. No. 44 at 6-8. Therefore, the motion was decided without a hearing. On reconsideration, Apicelli acknowledged that he had not requested a hearing and stated his reasons for presuming a hearing would be held. In the order denying reconsideration, the court explained that no grounds had been presented initially

or on reconsideration to support the need for a hearing. See, e.g., United States v. Cintron, 724 F.3d 32, 36 (1st Cir. 2013) ("A criminal defendant has no presumptive right to an evidentiary hearing on a motion to suppress.").

In his third motion to dismiss, which raised issues about discovery and disclosure, Apicelli stated "Hearing Requested" in the title of the motion but provided no showing that a hearing was necessary. The court denied the motion without a hearing because the evidence pertinent to the motion, the grand jury transcript and the email, had been submitted to the court and because Apicelli had not raised any grounds for granting a hearing. Similarly, the court denied Apicelli's fourth motion to dismiss without a hearing because Apicelli provided no grounds for a hearing.

Apicelli has not shown any basis for reconsideration based on the court's failure to hold evidentiary hearings on his third and fourth motions to dismiss.[1]

B. Speedy Trial

Apicelli contends that the court failed to conduct the appropriate analysis of his claim that delays in this case have violated his right to a speedy trial under the Sixth Amendment.

[1] To the extent Apicelli moved for reconsideration based on a failure to hold hearings on other motions, those issues are untimely and not properly raised here.

In his fourth motion to dismiss, Apicelli focused on violation of the Speedy Trial Act, and the court addressed that argument. Apicelli raised the Sixth Amendment right to speedy trial in paragraph 7 but provided no developed argument as to how the circumstances of his case have violated that right. Although the court is not obligated to address an argument that was not properly developed, see Coons v. Indus. Knife Co., Inc., 620 F.3d 38, 44 (1st Cir. 2010); Higgins v. New Balance Ath. Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999), Apicelli's Sixth Amendment right to a speedy trial is analyzed as follows.

Under Barker v. Wingo, 407 U.S. 514, 530-33 (1972), courts are to assess a claim of violation of the Sixth Amendment right to a speedy trial by weighing four factors. United States v. Carpenter, 781 F.3d 599, 608 (1st Cir. 2015). Those factors are: "the length of the delay, the reason for the delay, the defendant's assertion of the right to a speedy trial, and whether the defendant has been prejudiced by the delay." Id.

"The constitutional right to a speedy trial attaches upon arrest or indictment, whichever occurs first." United States v. Worthy, 772 F.3d 42, 48 (1st Cir. 2014). When a defendant is first arrested on state charges, however, the Sixth Amendment right does not attach until indictment. United States v. Kelley, 661 F.3d 682, 689 (1st Cir. 2011). Delay that exceeds

one year is presumed to be prejudicial, which requires consideration of the remaining factors. Worthy, 772 F.3d at 49.

In this case, Apicelli was indicted on January 22, 2014. Therefore, more than a year has passed since indictment.

During the year following indictment, Apicelli filed five motions to continue in order to accommodate his counsel's schedule and other conflicts. He also filed waivers of his right to a speedy trial. As a result of Apicelli's motions to continue, the trial was repeatedly rescheduled and was then scheduled for the period beginning on February 18, 2015. On February 7, 2015, Apicelli moved to continue the case and moved to dismiss and to compel discovery. The motion to continue was granted; the motion to dismiss and to compel was denied.

Although Apicelli argues that the delays in this case were caused by the government's failure to provide discovery in a timely manner, that theory is not supported by the record. See Orders dated March 31, 2015; April 17, 2015; May 27, 2015; and May 28, 2015. In addition, Apicelli's motion to dismiss based on violation of the Speedy Trial Act was denied on April 17, 2015, and he did not assert a right to speedy trial under the Sixth Amendment until his fourth motion to dismiss.

The more recent continuances of the trial dates were the result of Apicelli's assertions of discovery issues that were found to lack merit. Jury selection was held on June 2, 2015,

and evidence is scheduled to begin on June 8, 2015. Apicelli has not shown that he has been prejudiced by the delay. Therefore, Apicelli's Sixth Amendment right to a speedy trial has not been violated.

C. Discovery

As the court has explained in prior orders, the record demonstrates that the government is very much aware of its obligations and has provided all of the discovery it is required to produce.[2] The government also has gone beyond its discovery obligations. Apicelli has not shown that the government failed to provide him discovery that he was entitled to have.[3] Therefore, Apicelli has not provided any grounds for reconsideration based on missing discovery.

D. Fourth Amendment

Although Apicelli states in paragraph two of his motion for reconsideration that "[t]his case should be dismissed for a

[2] Although Apicelli accuses the government of not disclosing "critical discovery" until after plea offers had been withdrawn, he makes no cognizable argument to support reconsideration of the orders denying his motions to dismiss based on that theory.

[3] The government also explained in its objection that contrary to Apicelli's assertions, there is no undisclosed surveillance footage of Apicelli, just false triggers of the camera by the motion detector, and that Sargent Payer of the Campton Police Department has confirmed that all records of Robert Bain's tips to the police about Apicelli have been disclosed.

number of different reasons, including . . . violations of the 4th Amendment," he provides no developed argument that addresses Fourth Amendment violations. For that reason, he has waived any argument under the Fourth Amendment. See Coons, 620 F.3d at 44; Higgins, 194 F.3d at 260.

To the extent Apicelli intended to challenge the court's ruling in denying his third motion to dismiss, that he was improperly seeking reconsideration of the order denying his motion to suppress, his motion is unavailing.[4] As explained in the prior order, document no. 69, Apicelli could not seek a second reconsideration of the denial of his motion to suppress in the context of a motion to dismiss. He also failed to provide any cognizable grounds for relief. Further, as explained in three prior orders, no Fourth Amendment violation has occurred in this case. See Order, May 4, 2015, document no. 44, Order, May 14, 2015, document no. 54, and Order, May 27, 2015, document no. 69.

[4] Apicelli's suggestion that the government is obligated to make Bain available for cross examination at trial is baseless. The Sixth Amendment right to confrontation applies to cross examination of witnesses who do testify against a defendant at trial. Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986). A prosecutor is not required to call an informant as a witness at trial. See, e.g. United States v. Perez, 299 F.3d 1, 3 (1st Cir. 2002). Therefore, no right to confrontation is at issue here.

E. Selective Prosecution

Apicelli argues, for the first time in his motion for reconsideration, that he is the victim of selective prosecution. Because the issue of selective prosecution was not raised in his third or fourth motions to dismiss, it cannot be raised for purposes of reconsideration. In addition, Apicelli's theory is meritless.

Federal prosecutors have substantial discretion in making decisions on when to prosecute and when not to do so, and their decisions are entitled to a presumption of regularity. United States v. Lewis, 517 F.3d 20, 25 (1st Cir. 2008). To overcome the presumption, a defendant must present clear evidence that the prosecutor acted improperly. Id. Therefore, the defendant bears the burden of providing "clear evidence of both the discriminatory effect of the prosecution and the prosecutor's discriminatory intent." Id.

Apicelli's theory is that the federal prosecutors should not have taken his case, which was initiated in the state system.[5] He suggests, without evidentiary support or a proffer of any kind, that his case was treated differently from other similar cases, and that the result is prejudicial to him because

[5] The prosecutor explained at the hearing on Apicelli's first motion to dismiss that the government took over prosecution of the case in December of 2013 because of a conflict of interest that existed at the state level.

the state system would allow a jury nullification argument. Even if Apicelli could raise a selective prosecution argument for the first time in a motion for reconsideration, which is not permissible, his argument does not carry his burden to overcome the presumption of regularity in prosecutorial decisions.

## Conclusion

For the foregoing reasons, the defendant's motion for reconsideration (document no. 71) is denied.

Apicelli has been given the full measure of due process as the court has considered his iterations and reiterations of issues that have been presented over the past several months. While he may complain about not having been granted hearings, which the court deemed were unnecessary, he certainly has been heard in writing on the issues he has raised in each motion he has filed. The time has come for the case to proceed to trial where the jury will decide the merits.

SO ORDERED.

Joseph A. DiClerico, Jr.

Joseph DiClerico, Jr.
United States District Judge

June 4, 2015

cc: Sven D. Wiberg, Esq.
Charles L. Rombeau, Esq.
Donald A. Feith, Esq.
United States Marshal
United States Probation