```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

United States of America

   v.                                Criminal No. 14-cr-012-01-JD
                                            Opinion No. 2015 DNH 123
Peter Apicelli


O R D E R

Peter Apicelli is charged with one count of manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1).  When the government produced certain videotape footage after the jury had been drawn for trial and only two days before evidence was to begin, Apicelli moved to dismiss the indictment due to perceived discovery abuses, or in the alternative to continue the trial and compel discovery.  The trial has been continued, and the court has denied the motion to compel additional discovery.  The government objects to the motion to dismiss.

Background

On September 5, 2013, based on a tip, Sergeant Patrick Payer of the Campton police department, members of the New Hampshire Drug Task Force, and the person who provided the tip walked over Apicelli's property looking for marijuana plants. They found marijuana plants growing on the property.  Payer,

Detective Eric James of the Grafton County Sheriff's Department, and Detective Nicholas Blodgett of the New Hampshire Drug Task Force returned the next day to install a surveillance camera that operated based on a motion detector.

Blodgett explained in his report that the officers had returned to check the camera every few days. When the camera was checked on September 9, the recordings did not show any suspects, and the officers assumed that wind had triggered the camera. The officers checked the camera again on September 12 and again found no suspects shown on the recordings but noted that it appeared animals had triggered the camera. The camera was checked again on September 16 and, this time, the recordings showed a person who appeared to be carrying a red backpack. The person was later identified as Peter Apicelli.

Payer applied for and was granted a warrant to search Apicelli's house. In the course of the search on September 17, 2013, marijuana and other related items were found and taken from the house. The case was referred to the United States Attorney's Office in December of 2013. The indictment was filed on January 22, 2014.

The trial was continued several times at Apicelli's request. In February of 2015, Apicelli moved to dismiss the indictment or, in the alternative, to compel the government to

provide discovery. Following a hearing, the court concluded that the government had not failed in any material respect to comply with discovery requirements or requests. The motion to dismiss was denied as there were no grounds for sanctions.

Apicelli then moved to dismiss the charge against him based on a violation of the Speedy Trial Act. The court denied the motion, finding that no violation of the Speedy Trial Act had occurred. Trial was scheduled to begin on May 19, 2015.

Appicelli moved to suppress the evidence taken in the search of his house. The motion was denied. Apicelli moved for reconsideration of that order, which was denied on May 14, 2015.

The day before trial, Apicelli moved to dismiss based on the government's disclosure, the week before, of Payer's grand jury testimony and an email from Payer to the Assistant United States Attorney ("AUSA") who was handling the case at that time. After a telephone conference and with the assent of counsel, the trial was continued to allow time for consideration of the motion to dismiss and for certain additional filings. The trial was rescheduled for June with the jury to be drawn on June 2 and opening statements and evidence to begin on June 8.

Apicelli's motion to dismiss based on allegations of prosecutorial misconduct was denied on May 27, 2015, and his motions for a jury view and to dismiss or compel discovery were

denied on May 28, 2015.  Apicelli moved for reconsideration of the order denying his motion to dismiss or compel discovery on June 1, the day before the jury was scheduled to be drawn.

In support of his motion for reconsideration, Apicelli argued in part that the government had not provided "discoverable material," including "other recordings made on the property."[1]  The government responded to that issue by stating that "the only other recordings known to the government are the false triggers of the motion-detected camera as detailed in the report of Detective Nicholas Blodgett."  The government represented that the recordings made by "false triggers of the motion detected camera . . . are of no evidentiary value."  The government also represented that the AUSA in the case had contacted James, who set up the camera, to see if "these videos of nothing even remain available" and had not had a response when the objection was filed.  In the order denying the motion for reconsideration, the court relied on the government's representation about the evidentiary value of the recordings made by false triggers to conclude that Apicelli had not been denied discoverable video footage.

---

[1] There is no dispute that the government provided, in a timely manner, the videos in which a person identified as Apicelli is shown tending plants and carrying a red backpack.

The jury was drawn as scheduled on June 2. Opening statements and evidence were scheduled to begin on June 8. On Sunday, June 7, Apicelli filed the current motion to dismiss after the government sent defense counsel four compact disks of the "false trigger" video footage on Saturday, June 6. Defense counsel sought dismissal, charging the government with discovery violations, and alternatively sought to continue the trial and to compel the government to provide additional discovery.[2]

A hearing on the motion was held on Monday morning, June 8, while the jury waited for trial to begin. Defense counsel stated that the compact disks comprised four to six hours of video footage. Counsel argued that he could not begin the trial without having an opportunity to review the footage with Apicelli and to evaluate the videos to determine whether and how they might affect the defense.

The AUSA stated that the compact disks had forty-one videos that were taken when the camera was triggered by weather or animals, false triggers, and agreed that the disks comprised four to six hours of footage.[3] The AUSA again characterized the

---

[2] Apicelli sought recordings of police dispatch communications for other days when there were video recordings.

[3] In its objection to the motion to dismiss, the government represents that the disks comprise just over four hours of video footage.

footage as videos of nothing and videos of rain falling on leaves with no evidentiary value.  In support of that determination, the AUSA stated that in the court's June 4, 2015, order denying Apicelli's motion for reconsideration the court "said these videos are of no evidentiary value and that [the government was not] under an obligation to turn them over . . . ."[4]  To avoid a continuance, the government suggested that the defense could review the videos that afternoon, after the government's witnesses had testified, and that the defense could then recall any witnesses as necessary.

---

[4] The court actually found that "Apicelli has not shown that the government failed to provide him discovery that he was entitled to have."  In a footnote, the court stated:  "The government also explained in its objection that contrary to Apicelli's assertions, there is no undisclosed surveillance footage of Apicelli, just false triggers of the camera by the motion detector, . . . ."  Order, June 4, 2015, doc. no. 73, at 7, n.3.  The court did not find that the videos were of no evidentiary value or find that the government had no obligation to disclose the videos.  Instead, the court noted the government's representation as to the evidentiary value of the video footage, and based on that representation and the lack of support provided by Apicelli, denied the motion.

Later in the June 8 hearing, the court explained that it could not take the government's representation about the evidentiary value of the videos.  In response, the AUSA stated:  "These videos were highlighted in the Court's June 4th decision last week in which the Court referenced that these false trigger videos in footnote 3, you know, that -- and again, taking us at our word that these are false trigger videos and denying [defense counsel's] motion to the extent that it sought production of those.  So our view was that we were under no obligation to disclose these . . . ."

The court concluded that defense counsel could not be expected to consider the videos and fashion the defense after openings and after the government had presented its witnesses. As a result, the trial was continued to allow adequate time for defense counsel to evaluate the video footage. In making that decision, the court noted that it was unfortunate that the government had waited until after the jury had been drawn to disclose the false trigger recordings.[5] The trial is now rescheduled for July. The jury will be drawn on July 21, and opening statements and evidence will begin on July 28, 2015.

## Discussion

Apicelli moves to dismiss the indictment, charging the government with providing additional surveillance camera video footage at the last minute and failing to provide police dispatch recordings for all of the days when the camera recorded video footage.[6] As he has done in the past, Apicelli asserts that the government "has been remiss in meeting its discovery

---

[5] The jury had not yet been sworn, however.

[6] At the June 8 hearing, defense counsel also suggested that the person who provided the tip to the police, about marijuana growing on Apicelli's property, led the police when they walked over the property and that the police had a much earlier tip about marijuana growing there. Those matters were not raised in the motion to dismiss, do not appear to be material to the motion, and are not considered for purposes of the motion.

obligations."[7]  The government objects to the motion to dismiss, contending that the disclosure of the video footage does not provide grounds for dismissal and that all of the requested dispatch recordings have been provided.

"Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph . . . documents, data, photographs . . . if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense; . . . ."  Fed. R. Crim. P. 16(a)(1)(E). If the government fails to comply with discovery requirements imposed by Federal Rule of Criminal Procedure 16, the court may order that the discovery be produced, grant a continuance, preclude the undisclosed evidence from trial, or enter an order "that is just under the circumstances."  Fed. R. Crim. P. 16(d)(2).

Important considerations in whether sanctions are appropriate for discovery abuse are the seriousness of the abuse and whether the defendant was prejudiced.  United States v. Josleyn, 99 F.3d 1182, 1196 (1st Cir. 1996); see also United

---

[7] Contrary to Apicelli's characterization of the government's conduct, the court has concluded in past orders, after considering Apicelli's motions to dismiss based on alleged discovery abuses, that no discoverable materials had been withheld and that any delay in disclosure had not prejudiced Apicelli.  See documents nos. 32, 40, 69, 70, 73, & 75.

States v. Jones, 620 F. Supp. 2d 163, 170-79 (D. Mass. 2009). When discovery materials are produced late, "the critical inquiry is not why disclosure was delayed but whether the tardiness prevented defense counsel from employing the material to good effect." United States v. Delgado-Marrero, 744 F.3d 167, 199 (1st Cir. 2014) (internal quotation marks omitted). The "drastic remedy of dismissal" is not available when discovery problems can be addressed by other means that mitigate any prejudice to the defendant. United States v. Soto-Beniquez, 356 F.3d 1, 30-31 (1st Cir. 2004); see also United States v. Luisi, 482 F.3d 43, 59 (1st Cir. 2007).

A.  Additional Video Footage

Apicelli faults the government for not producing the false trigger video footage until the weekend before openings and evidence were scheduled to begin. The government argues that it was not required to produce the additional false trigger videos because the defense did not request them in a timely or proper manner and because those videos do not show anything that is "material" to preparing the defense. Fed. R. Crim. P. 16(a)(1)(E). Despite that evaluation of the videos, the government did produce them because it "thought disclosure would

resolve any possible questions raised by defendant about the videos." Gov. Mem. Doc. No. 76 at 2.

1. Request

The government represents that the defense has been aware of the false trigger video footage since March of 2014 when Detective Nicholas Blodgett's report of the investigation was produced.[8] Despite the early notice, the government contends, Apicelli did not raise the false trigger footage until June 1, 2015, when he moved for reconsideration of the denial of the previous motion to dismiss.[9] Apicelli does not explain why he waited until June 1, 2015, in the context of a motion for reconsideration, to raise an issue about the false trigger video footage, stating only "there are other recordings made on the property . . . (as partially disclosed only recently when the Government made its extremely late disclosure of the Grand Jury transcript)." Def. Mot. Doc. 71, at 2.

---

[8] In the report, Blodgett describes the times that officers checked the surveillance camera on Apicelli's property and found that weather or animals had triggered the motion detector causing the camera to record video of the area without any human subjects present.

[9] Specifically, the government notes that Apicelli did not raise the false trigger video footage in his motion to dismiss or compel discovery filed in February of 2015, at the hearing on that motion held on March 26, 2015, or in subsequent motions addressing alleged discovery problems.

A motion for reconsideration is not an appropriate vehicle to raise an issue for the first time. See United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). Despite the deficiencies in Apicelli's request for the false trigger video footage, the government did produce it. The government explains that it made arrangements as soon as was possible to obtain the footage and provide it to defense counsel. The government's reasons for late disclosure, however, are not as important as the question of whether the tardiness prejudiced the defendant. Delgado-Marrero, 744 F.3d at 199.

2. Prejudice

Defense counsel represented to the court during the hearing that based on his initial review of the videos he expected that they would contain information helpful to the defense. Given this representation, the trial has been continued to allow the defense an additional six weeks to prepare, which is more than adequate time to consider the videos. Defense counsel agreed that the time allowed by the continuance was sufficient to address the videos. Therefore, the late disclosure of additional videos does not provide grounds to dismiss the charge against Apicelli.

B.  Dispatch Recordings

In response to Apicelli's motion to dismiss or compel discovery that was filed on February 7, 2015, the government and Apicelli agreed to a protective order to allow the government to provide a cd-rom of dispatch recordings for the days when the police entered Apicelli's property.  There is no dispute that the dispatch recordings were produced.

Based on the additional video footage from the surveillance camera, however, Apicelli now contends that the government did not provide all of the dispatch recordings because there are no dispatch recordings for some of the days when the surveillance camera recorded video footage.  During the status conference that followed the hearing on June 8, the AUSAs explained to defense counsel that the police did not visit the surveillance camera every day that video footage was recorded.  Instead, officers checked the camera every few days, and dispatch recordings have been provided for all of those days.

Therefore, any issue about missing dispatch recordings has been resolved and does not provide grounds to dismiss the indictment.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 74) is denied.

SO ORDERED.

*Joseph A. DiClerico, Jr.* (signature)
Joseph DiClerico, Jr.
United States District Judge

June 16, 2015

cc:   Donald A. Feith, Esq.
      Charles L. Rombeau, Esq.
      Sven D. Wiberg, Esq.
      United States Marshal
      United States Probation