UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

   v.    Criminal No. 14-cr-012-01-JD
      Opinion No. 2015 DNH 169
Peter Apicelli


O R D E R

Peter Apicelli was found guilty of manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1) as charged in the indictment.  He now moves for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29.  The government objects.

Standard of Review

In deciding a motion for judgment of acquittal under Rule 29, the court "examine[s] the evidence, both direct and circumstantial, in the light most favorable to the jury's verdict."  United States v. Santos-Soto, --- F.3d ---, 2015 WL 50000659, at *5 (1st Cir. Aug. 24, 2015).  The evidence is not considered separately but instead is evaluated cumulatively, as a whole, along with all plausible inferences that may be drawn from the evidence.  Id.  Based on that analysis, "[t]he verdict must stand unless the evidence is so scant that a rational

factfinder could not conclude that the government proved all the essential elements of the charged crime beyond a reasonable doubt." United States v. Flores-Rivera, 787 F.3d 1, 22 (1st Cir. 2015).

## Background

Apicelli rented property at 201 Mason Road, Campton, New Hampshire, from Rene Dubois, beginning in May of 2012. He did not move out until October of 2013. The property had wooded parts, open areas, a tree farm, an apple orchard, and a house. Apicelli was the only person renting the property.

The Campton police received a tip in early September of 2013 that there might be marijuana growing on the property. In response to the tip, Sergeant Patrick Payer of the Campton Police Department contacted Sergeant Nick Blodgett of the New Hampshire Drug Task Force, and Blodgett contacted Detective Piche of the New Hampshire State Police. On September 5, 2013, Payer, Blodgett, Piche, and the person who provided the tip went to the property to look for marijuana. They found a patch of twenty to twenty-five marijuana plants growing just inside a wooded area, next to a more open area, that was about 200 yards from the house.

Payer learned that Rene Dubois owned the property and that it was rented to Apicelli.  Payer also saw two vehicles at the property that were registered to Apicelli.  He then looked up information about Apicelli and viewed a photograph of him.

Detective Eric James, who is in the Grafton County Sheriff's Department, was contacted to set up a video camera to record the area where the marijuana was growing.  On September 6, Payer, James, and Blogett went back to the property and installed the video camera.  The officers checked the video footage in the camera, which was triggered by motion, several times during the next ten days, but did not see video footage of a person tending the plants until September 16.  Video footage taken on September 14 showed a male with dark hair, wearing khaki shorts and a hat tending the plants.  In one segment, the man was also wearing a red backpack, while tending the plants.

On September 17, Payer applied for and was granted a search warrant for Apicelli's home at 201 Mason Road.  Payer, along with another Campton police officer, James, Blodgett, and other officers, executed the search warrant the same day.  Once inside, Payer noticed that the house smelled of marijuana.  In the course of the search of the house, the officers found, took pictures of, and seized as evidence a red back pack, khaki shorts, a piece of mail with Apicelli's name on it, a grow

3

light, marijuana plants, packaged marijuana, scales, potting soil, plastic bags, and a book titled <u>Marijuana Grower's Insider's Guide</u>.  They also seized marijuana plants that were growing outside on the property.

Criminalist Shane Zeman, who works for the New Hampshire State Police Crime Laboratory, testified at trial.  Zeman described the process he used to collect samples of the plants seized from Apicelli's property and to test the samples in the lab.  Zeman's testing found that the plant samples were consistent with marijuana.

## Discussion

Apicelli contends, in support of his motion for judgment of acquittal, that the circumstantial evidence presented at trial did not sufficiently identify him to support the guilty verdict and that the government failed to refute possible innocent explanations for the circumstances.  Apicelli also argues that the government introduced and relied on improper and inadmissible evidence.  In addition, Apicelli contends that judgment of acquittal is warranted because the jury deliberated for a short time.  The government objects, asserting that the evidence is sufficient to support the conviction, that Apicelli's evidentiary challenges are not properly raised in a Rule 29 motion, that the government was not required to disprove

Apicelli's theories of innocence, and that the brevity of deliberations does not undermine the verdict.

A.  Evidentiary Challenges

Apicelli complains that some evidence was improperly admitted at trial.  In considering a motion for acquittal under Rule 29, however, the court weighs all of the evidence that was admitted at trial without considering whether any of the evidence was improperly admitted.  United States v. Diaz, 300 F.3d 66, 77 (1st Cir. 2002).  Therefore, Apicelli's evidentiary challenges are inapposite to his Rule 29 motion.

B.  Theories of Innocence

Contrary to Apicelli's arguments, the government need not refute all possible explanations for the marijuana and other evidence found in Apicelli's home and on his property.  See United States v. Trinidad-Acosta, 773 F.3d 298, 310-11 (1st Cir. 2014).  A judgment of acquittal is necessary only when the evidence, viewed in the light most favorable to the verdict, supports theories of guilt and innocence equally or nearly equally.  See United States v. Lopez-Diaz, --- F.3d ---, 2015 WL 4187223, at *3 (1st Cir. July 13, 2015).  As is explained below, that is not the case here.

C.  Brevity of Deliberations

Apicelli also contends that he is entitled to a judgment of acquittal because of the brevity of the jury's deliberations. He cites no authority that a judgment of acquittal may be granted based on brief deliberations.

The First Circuit has held that "[b]rief jury deliberation is not, in itself, sufficient basis to support a new trial motion." Kearns v. Keystone Shipping Co., 863 F.2d 177, 182 (1st Cir. 1988). In the context of a motion for judgment of acquittal, the issue is the sufficiency of the evidence, and the length of a jury's deliberations is not relevant absent some reason to believe that "the jury in some way disregarded its instructions or otherwise failed in its duty." United States v. Cunningham, 108 F.3d 120, 124 (7th Cir. 1997); see also United States v. Barajas, 2011 WL 5999024, at *2 (D. Kan. Nov. 30, 2011). Other courts have held that brief deliberations were not a basis for reversing a conviction or for a new trial and, at most, could be considered along with other factors. United States v. Saoud, 595 F. App'x 182, 192 (4th Cir. 2014); United States v. Aguilera, 625 F.3d 482, 487 (8th Cir. 2010) (citing cases); see also United States United States v. Harris, 301 F.R.D. 272, 277 (N.D. Ohio 2014); United States v. Mzese, 2014 WL 2804001, at *3, n.4 (D. Md. June 19, 2014); United States v.

Ward, 2008 WL 2485587, at *5 (W.D. N.C. June 17, 2008).

The evidence in this case was simple and straightforward and was presented on two consecutive days, with the jury reaching its verdict on the following day while the evidence was fresh in the jurors' memories. Although the jury's deliberations were brief, the time spent was consonant with the nature of the case and the evidence presented. Further, as explained below, the evidence was sufficient to support the verdict.

D. Sufficiency of the Evidence

Apicelli was charged with manufacturing marijuana in violation of § 841(a)(1). The elements of the crime are that the defendant knowingly or intentionally manufactured marijuana by the "production, preparation, propagation, compounding, or processing of" marijuana. § 841(a)(1); 21 U.S.C. § 802(15).

The evidence presented at trial established that Apicelli rented the property at 201 Mason Road in Campton and that he lived in that house during the relevant time period. The evidence also showed that marijuana plants were growing on Apicelli's property and that marijuana and materials and equipment for growing and processing marijuana were found in his home.

In addition, the video showed a man tending marijuana plants on Apicelli's property who was wearing khaki shorts and carrying a red back pack.  A few days later, a red back pack was found in Apicelli's kitchen, khaki shorts were found in his bedroom, and marijuana and marijuana growing and processing apparatus were found in his home.  Therefore, the government presented evidence that Apicelli grew marijuana plants on the property he rented in Campton and that he processed those plants inside the house where he lived.

Despite the substantial circumstantial evidence of Apicelli's marijuana manufacturing activities, Apicelli points to the lack of direct evidence linking him with the marijuana found growing on his property and in his home.  Specifically, he contends that the lack of direct evidence that identifies him as the man in the video tending marijuana plants and as the person who processed marijuana in his house undermines the verdict.  He argues that he might not have been living at the house during that time and that someone else might have been growing marijuana on his property and processing it in his home.

There was no evidence or even a suggestion at trial that any other adult lived in the house or tended the marijuana plants on Apicelli's property.  In contrast, the evidence from Rene Dubois and the police officers who searched the house was

that no other adult lived there. Further, Apicelli's cars were seen in the driveway and a piece of mail addressed to him at a post office box in Campton was found in the kitchen.

The evidence and plausible inferences, taken in the light most favorable to the verdict, are more than sufficient to show that the jury could conclude beyond a reasonable doubt that Apicelli manufactured marijuana on the property at 201 Mason Road. For that reason, no ground exists to enter a judgment of acquittal.

## Conclusion

For the foregoing reasons, the defendant's motion for judgment of acquittal (document no. 98) is denied.

SO ORDERED.

                                             *Joseph A. DiClerico, Jr.*
                                                Joseph DiClerico, Jr.
                                                United States District Judge

September 2, 2015

cc:   Sven D. Wiberg, Esq.
      Charles L. Rombeau, Esq.
      Donald A. Feith, Esq.
      United States Marshal
      United States Probation